UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EAGLE LAKE ESTATES, L.L.C.,
RAY ROBERT GREZAFFI and                    CIVIL ACTION
DEBRA ANN GREZAFFI TILLERY

VERSUS                                      NO: 04-169

CABOT OIL & GAS CORPORATION                SECTION: "J"(1)


## ORDER AND REASONS

Before the Court are plaintiffs' **Motion In Limine to Strike the Expert Report of David L. Smelley and to Preclude His Testimony at Trial**, plaintiffs' **Motion In Limine to Strike the Expert Report of Suzette Magee and to Preclude Her Testimony at Trial**, defendant's **Motion In Limine to Exclude Testimony of William Clay Kimbrell**, and defendant's **Motion to Strike Expert Report and to Enforce the Court's Scheduling Order**. These motions were set for oral arguments on November 16, 2005 at 9:30 am. However, the Court no longer considers oral arguments necessary. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that each of these motions should be DENIED.

**DISCUSSION**

The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000). "*Daubert* requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D.Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of *Daubert*, upon which these motions are premised, are no longer implicated, the Court finds that the motions in limine to exclude expert testimony should be denied at this time. Following the introduction of the alleged expert testimony at trial, the Court will either exclude it at that point, or give it whatever weight it deserves.

Regarding the defendant's "Motion to Strike Expert Report and

to Enforce the Court's Scheduling Order," by this Court's Order of October 11, 2005, all deadlines in this case have been cancelled. Defendant's motion is therefore moot.

Accordingly, **IT IS ORDERED** that plaintiffs' **Motion In Limine to Strike the Expert Report of David L. Smelley and to Preclude His Testimony at Trial** (Rec. Doc. 58), plaintiffs' **Motion In Limine to Strike the Expert Report of Suzette Magee and to Preclude Her Testimony at Trial** (Rec. Doc. 61), defendant's **Motion In Limine to Exclude Testimony of William Clay Kimbrell** (Rec. Doc. 55), and defendant's **Motion to Strike Expert Report and to Enforce the Court's Scheduling Order** (Rec. Doc. 71) should be and are hereby **DENIED.**

New Orleans, Louisiana this the 28th day of October, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE